UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD PRUNCKUN, et al. | Civil No. 1:23-CV-00483-KMW-EAP |
| Plaintiff(s), | |
| v. | Karen M. Williams, U.S.D.J. |
| A.W. HOLDINGS LLC, et al. | |
| Defendant(s). | |

**JOINT CERTIFICATION[1] OF THE CITIZENSHIP OF THE PARTIES IN DIVERSITY CASES[2]**

**PLAINTIFF(S):**

| Party | Type | State(s) of Citizenship |
|---|---|---|
| Edward Prunckun, as permanent guardian for Robert Prunckun, an incapacitate adult | [X] Individual[3]<br>[ ] Corporation[4]<br>[ ] Partnership[5]<br>[ ] Limited Liability Company[6] | Delaware |
| Pamela Prunckun, as permanent guardian for Robert Prunckun, an incapacitate adult | [X] Individual<br>[ ] Corporation<br>[ ] Partnership<br>[ ] Limited Liability Company | Delaware |
| | [ ] Individual<br>[ ] Corporation<br>[ ] Partnership<br>[ ] Limited Liability Company | |

In cases where one or more Plaintiffs are partnerships or LLCs, list all partners or members and their citizenship. This space should also be used where there are more than three Plaintiffs.

**DEFENDANT(S):**

| Name | Type | State(s) of Citizenship |
|---|---|---|
| A.W. HOLDINGS LLC d/b/a BENCHMARK HUMAN SERVICES | ☐ Individual<br>☐ Corporation<br>☐ Partnership<br>☒ Limited Liability Company | Indiana |
| BENCHMARK HUMAN SERVICES, LLC | ☐ Individual<br>☐ Corporation<br>☐ Partnership<br>☒ Limited Liability Company | Indiana |
|  | ☐ Individual<br>☐ Corporation<br>☐ Partnership<br>☐ Limited Liability Company |  |

In cases where one or more Defendants are partnerships or LLCs, list all partners or members and their citizenship. This space should also be used where there are more than three Defendants.

> A.W. Holdings, LLC is an Indiana Limited Liability Company which has two partners. A.W.S. Foundation, Inc., is an Indiana Non-Profit Corporation with a principal place of business located at 5323 W. Jefferson Boulevard, Fort Wayne, Indiana 46804. The second partner, A.W. Holdings Employee Group, Inc., is an Indiana S Corporation with a principal place of business at 8515 Bluffton Road, Fort Wayne, Indiana 46809.

**AMOUNT IN CONTROVERSY:**

Amount in controversy, exclusive of interests and costs:[7]   | In excess of $75,000.00

Describe the basis of the calculation of amount in controversy. If the basis of the calculation refers to a "pleading, motion, order or other paper,"[8] include the ECF citation to the record.

> The allegations in this case are premised on the abuse of a developmentally disabled individual while in Defendants' custody and care. The abuse was confirmed by two investigations conducted by the State of New Jersey. Plaintiff's injuries required hospitalization(s) and necessitated surgical repair.
>
> Medicare has identified conditional payments totaling $33,275.58. Plaintiffs' counsel's office has requested lien information from the State of Delaware relative to the Medicaid lien. The information was requested by multiple letters dating back to November of 2022. However, no response has been received yet.

3

Pursuant to 28 U.S.C. § 1746 and Fed. R. Civ. P. 11, I certify that the foregoing is true and correct.

| Andrew K. Mitnick | Date |

Appearing on behalf of Plaintiff(s)

| Robyn F. McGrath | Date: May 9. 2023 |

Appearing on behalf of Defendant(s)

This form may be replicated as necessary. Additional sheets may be added.

3

---

[1] As of March 14, 2022, the Court has updated its preferences to require that this Joint Certification be executed by the parties and filed in diversity cases within 30 days of the filing of a Notice of Removal, or where the Complaint is initially filed in this Court, 30 days after an answer, other responsive pleading, or motion has been filed.

[2] Parties may not consent to jurisdiction, and federal courts have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *Zambelli Fireworks MFG. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) ("The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions ' between . . . citizens of different States' where the amount in controversy exceeds $75,000. For over two hundred years, the statute has been understood as requiring complete diversity between all plaintiffs and all defendants, even though only minimal diversity is constitutionally required." (citation omitted)); *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 382 (1998) ("The presence of the nondiverse party automatically destroys original jurisdiction: No party need assert the defect. No party can waive the defect or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." (citation omitted)).

[3] 28 U.S.C. § 1332(a)(1); *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012) (citing *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("[M]ere residency in a state is insufficient for purposes of diversity [of citizenship].")).

[4] 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ."); *S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (explaining that "'[i]n order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business,'" and affirming dismissal of complaint alleging that corporation maintained "a principal place of business," rather than "its principal place of business" (quoting *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982))). The parties are directed to list the state of incorporation and principal place of business of the corporation.

[5] A partnership, as an unincorporated entity, takes on the citizenship of each of its partners. *Zambelli Fireworks MFG. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citation omitted). The parties are directed to list each partner and its citizenship.

[6] The citizenship of an LLC is determined by the citizenship of each of its members. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). The parties are directed to list each member and its citizenship.

[7] 28 U.S.C.A. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . ."); *Auto–Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) ("[T]he party invoking diversity jurisdiction . . . bears the burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000." (citing *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 506–07 (3d Cir. 2014))).

[8] 28 U.S.C. § 1446(b)(3).